**FILED**

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAYME TIPTON,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC,<br><br>    Defendant-Appellee,<br><br>and<br><br>EDGAR TRUJILLO; et al.,<br><br>    Defendants. | No. 20-55444<br><br>D.C. No.<br>2:18-cv-09503-AB-JEM<br>Central District of California,<br>Los Angeles<br><br><br>ORDER |

A video conference mediation will be held on **September 3, 2020**, at **10:30 a.m.** Pacific Time.

Unless excused by the Circuit Mediator prior to the scheduled conference, each party shall be represented by counsel of record and a client representative having full authority to negotiate and settle the case on any terms at the conference.

Mediation statements no longer than 10 pages shall be submitted to the Circuit Mediator via e-mail (Sasha_M_Cummings@ca9.uscourts.gov) on or before **August 27, 2020**, by **12:00 p.m. (noon).** Should a party require more than 10 pages for their mediation brief, counsel should contact the Circuit Mediator

prior to the date for submission to discuss such.

Mediation statements shall be double-spaced, and should contain brief statements of the following:

(a) factual and procedural background;

(b) legal issues and arguments related to this dispute;

(c) past settlement discussions;

(d) the names and representative capacities of those who will attend the mediation and a cell phone number for counsel;

(e) your client's goals and interests;

(f) perceived goals and interests of the opposing party;

(g) obstacles to settlement and proposals for overcoming them; and,

(h) adverse consequences for each party if the case is not resolved through settlement.

Sections (a), (b), (c) and (d) shall be served on counsel for the opposing party on the same date they are submitted to the undersigned. Sections (e), (f), (g) and (h) shall be submitted only to the undersigned and shall not be served on the opposing party. Mediation statements shall <u>not</u> be filed with the court.

Counsel may also identify any documents filed with the district court that they wish the Circuit Mediator to review prior to the mediation.

The parties will be expected to sign the confidentiality agreement attached as Exhibit A to this order.

Participants should plan to spend the entire day engaged in meaningful settlement discussions and come prepared with thoughtful solutions to this dispute.

It is recommended that counsel review with their clients the information contained in the Mediation Program web site: http://www.ca9.uscourts.gov/mediation with particular emphasis on section E "Preparing for Mediation."

                                            FOR THE COURT

                                            By: Sasha M. Cummings
                                            Circuit Mediator

SMC/Mediation

# CONFIDENTIALITY AGREEMENT

Case name: *Jayme Tipton v. Airport Terminal Services*
Appeal No: 20-55444
Court Mediator: Sasha M. Cummings
Date of Mediation: September 3, 2020

The participants in settlement discussions conducted under the auspices of the Ninth Circuit Mediation Program agree to the following:

(1) No written or oral communication made by the mediator or any party, attorney, or other participant in the settlement discussions:

(a) may be used for any purpose in any pending or future proceeding in this or any other court or administrative forum; and

(b) may be disclosed to anyone who is not a participant in the settlement discussions or an authorized agent of such participant.

(2) The nondisclosure provisions of paragraph (1) do not apply if such disclosure is made in the context of any subsequent confidential mediation or settlement conference with the agreement of all

(3) Evidence shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in settlement discussions.

(4) The parties shall not subpoena the mediator or any documents submitted to or prepared by the mediator in connection with or during the mediation session and the mediator shall not testify on behalf of any party.

(5) Nothing in this agreement shall preclude the admissibility of a written settlement agreement reached as a result of settlement discussions conducted in whole or in part through the Circuit Mediation Program in an action to enforce such an agreement.

**Confidentiality Agreement**
*20-55444, Jayme Tipton v. Airport Terminal Services*
Page 2

---
Print Name             Signature                Date

---
Print Name             Signature                Date

---
Print Name             Signature                Date

---
Print Name             Signature                Date

---
Print Name             Signature                Date

---
Print Name             Signature                Date